**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 14-02471-VAP (SPx)                              Date:  April 13, 2015

Title:     JESSE ALVAREZ -v- AUTOZONE, INC.
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

      Marva Dillard                                   None Present
      Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR                        ATTORNEYS PRESENT FOR
PLAINTIFFS:                                  DEFENDANTS:

      None                                            None

PROCEEDINGS:   MINUTE ORDER DENYING PLAINTIFF'S MOTION TO
               REMAND (DOC. NO. 16) AND GRANTING-IN-PART
               DEFENDANT'S MOTION TO COMPEL ARBITRATION
               (DOC. NO. 17) (IN CHAMBERS)

     Owing to serious wage theft, unchecked by the state's own enforcement of its wage-and-hour laws, California enacted the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698, et seq.  Iskanian v. CLS Transp. L.A., LLC, 59 Cal. 4th 348, 379 (2014), cert. denied 135 S. Ct. 1155 (Jan. 20, 2015). PAGA deputizes an employee, or group of employees, to sue their employer on behalf of themselves and any other employees who have been the victims of certain Labor Code violations.  Rather than compensatory damages, however, PAGA allows the aggrieved employees to pursue civil penalties that would ordinarily fall to the California Labor and Workforce Development Agency ("LWDA") to collect.  If the aggrieved employees prevail, the LWDA collects 75 percent of the penalties they collect, with the remainder to the aggrieved employees. Cal. Labor Code § 2699(I).

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

Plaintiff Jesse Alvarez filed a lawsuit containing PAGA claims in California state court. Defendant AutoZone, Inc. ("AutoZone") removed it to this Court on the basis of the Court's diversity jurisdiction, see 28 U.S.C. § 1332(a), and now seeks to compel Alvarez to arbitrate his claims, pursuant to the terms of a "Dispute Resolution Agreement" (see Mot. to Compel Arbitration (Doc. No. 17)).[1] Alvarez seeks, simultaneously, to have the matter remanded to the state court. (See Mot. to Remand (Doc. No. 16).)

## I. BACKGROUND

Alvarez worked on an hourly basis as a senior sales representative at AutoZone stores in Colton, Fontana, and Bloomington, California. (Compl. (Doc. No. 1-1) ¶ 17.) During that employment, Alvarez alleges that AutoZone required him and other employees, to for example, wait off-the-clock for the arrival of trucks they were supposed to unload (see id. ¶ 45), work through their meal breaks (see id. ¶¶ 57–58), work through their rest breaks (see id. ¶¶ 65–66), leave early without collecting pay for reporting in (see id. ¶¶ 91–92), and work a shift at one store and a shift at another without compensation for the time between shifts (see id. ¶¶ 98–99).

On October 29, 2014, Alvarez filed a nine-count Complaint, premised on those allegations (and other, related ones), in California state court. The Complaint was titled "ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ." Alvarez served AutoZone with the Complaint and a summons on October 30, and AutoZone filed a timely Notice of Removal (Doc. No. 1) of the action to this Court on December 1.

AutoZone premised its removal on the Court's diversity jurisdiction, as the parties are citizens of different states, and the amount in controversy is over $75,000, according to AutoZone. (See generally Notice of Removal.) AutoZone arrived at that conclusion by aggregating, across all of its California stores, a low

---

[1] AutoZone is directed to read, and henceforth comply with, the Local Rules – specifically Local Rule 5-4.3.1 ("PDF IMAGES CREATED BY SCANNING PAPER DOCUMENTS ARE PROHIBITED").

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 2

estimate of the civil penalties Alvarez could collect under PAGA on behalf of AutoZone's "aggrieved employees."  (See, e.g., id. ¶ 24.)  AutoZone then reduced that amount by the 75 percent of the prospective judgment payable to the LWDA, and determined that Alvarez stood to gain $221,425 on behalf of himself and other aggrieved employees.  (Id. ¶ 31.)

Once in this Court, AutoZone sought to enforce its Dispute Resolution Agreement, requiring the arbitration of "any dispute arising out of or related to" Alvarez's "employment with AutoZone or one of its affiliates," including "disputes regarding the employment relationship, any city, county, state or federal wage-hour law . . . compensation, [and] breaks and rest periods . . . ."  (Culvahouse Decl. Ex. A (Doc. No. 17-3).)  Notably – because PAGA authorizes Alvarez to sue AutoZone on behalf of other aggrieved employees – the Agreement also waives (in boldface text) Alvarez's ability to be part of any representative action:

> There will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action ("Class Action Waiver"), and this Class Action Waiver means neither party will have the right to participate in or be a representative plaintiff in a class, collective or representative action.

(Id.)

Then the Agreement adds, in plain text, that the representative-action waiver is not severable from the rest of the Agreement:

> Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class, collective or representative action.

(Id.)

Finally, the Agreement states that if the represenative-action waiver "is deemed to be unenforceable," then the parties "agree that this Agreement is otherwise silent as

to any party's ability to bring a class, collective or representative action in arbitration."  (Id.)

Attempting to avoid a scenario in which he would be forced to arbitrate only PAGA claims stemming from violations perpetrated against him, or prevented from bringing PAGA claims at all, Alvarez filed an Opposition (Doc. No. 19) to AutoZone's Motion to Compel Arbitration.  In addition, Alvarez disputes AutoZone's method of calculating the amount in controversy, and filed a Motion to Remand the case to the California courts.  If granted, the remand motion would moot AutoZone's Motion to Compel Arbitration (subject to AutoZone's refiling it in the California superior court).  AutoZone filed an Opposition (Doc. No. 18) to the Motion to Remand, and then, with the Court's permission, a Supplemental Opposition (Doc. No. 21).  Alvarez filed a Reply (Doc. No. 28) supporting remand; in it, he disclaimed affirmatively his portion of any judgment in excess of $75,000, including any attorney fees tied to that judgment.  AutoZone filed a Reply (Doc. No. 24) supporting its Motion to Compel Arbitration.  The Court resolves the dueling Motions under the following standards.

## II. LEGAL STANDARDS
### A.    Removal and Remand

Federal law allows a state-court defendant to remove a case from state to federal court if the case is one over which the federal courts could exercise their original jurisdiction.  28 U.S.C. § 1441(a).  To accomplish this task, the removing defendant files a notice of removal in the federal district court in the district and division within which the state court action was pending.  28 U.S.C. § 1446(a).  The notice must contain "a short and plain statement of the grounds for removal" –  in a case relying on diversity jurisdiction, that the parties are citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a) – "together with a copy of all process, pleadings, and orders" served previously on the removing defendant.  28 U.S.C. § 1446(a).

The plaintiff may then challenge the removal, for example, on the basis that the amount in controversy is insufficient to invoke the federal court's subject-matter jurisdiction.  In that case, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

(2014); see 28 U.S.C. § 1446(c)(2)(B). If it has not, the court must remand the matter to state court. 28 U.S.C. § 1447(c).

## B. Arbitration and the Federal Arbitration Act

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq., demands that "courts must 'rigorously enforce' arbitration agreements according to their terms," Am. Exp. Co. v. Italian Colors Restaurant, 133 S. Ct. 2304, 2309 (2013) (internal citation omitted), unless there exist grounds "at law or in equity" that would equally require the revocation of any other kind of contract, 9 U.S.C. § 2. That means that arbitration agreements can be "invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1746 (2011) (internal citation omitted). Congress can exclude a type of claim explicitly from arbitration, Italian Colors, 133 S. Ct. at 2309, but any attempt by a state to do so, either explicitly or by throwing up obstacles to the arbitral process, "is displaced by the FAA," Concepcion, 131 S. Ct. at 1747, 1753. If no grounds for revoking it apply, a court presented with an arbitration agreement must enforce it, and in the interim, typically stays judicial proceedings. 9 U.S.C. § 3.

## III. DISCUSSION

### A. Alvarez's Motion to Remand

There must be at least $75,000.01 in controversy for this Court to exercise subject-matter jurisdiction over this case. 28 U.S.C. § 1332(a). The Court's first task is ascertaining the amount in controversy, and it begins with the relevant Ninth Circuit precedent. When calculating the value of Alvarez's PAGA claims for the purpose of establishing the amount in controversy, the Court may consider only the civil penalties arising out of AutoZone's treatment of Alvarez. Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118, 1122 (9th Cir. 2013). AutoZone asserts that the total amount in controversy as to Alvarez alone, while less than the approximately $200,000 in AutoZone's Notice of Removal, still exceeds the jurisdictional minimum, measured either on the basis of PAGA penalties or on the basis of Alvarez's individual wage-and-hour claims, also pled in this action. (See Opp'n at 14; Supp.

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

Opp'n at 4.)[2]  Alvarez responds that AutoZone should have discounted the value of any PAGA civil penalties by 75 percent, after limiting the scope of its calculation to only those penalties incurred against Alvarez personally, because 75 percent of any PAGA penalties recovered go to the LWDA.  (See Reply at 1.)  That argument is of debatable merit.  See Patel v. Nike Retail Servs., Inc., --- F. Supp. 3d ----, 2014 WL 3611096, at *9–*10 (N.D. Cal. 2014) (justifying the use of 100 percent of the value of the PAGA penalties assessed on the plaintiff's behalf in calculating the amount in controversy); but see Pagel v. Dairy Farmers of Am., Inc., 986 F. Supp. 2d 1151, 1154–55 (C.D. Cal. 2013) (reading Urbino to limit courts generally to considering only the 25 percent of a PAGA claim allocated to an individual plaintiff when determining the amount in controversy).  In any event, here AutoZone did discount Alvarez's recovery by 75 percent, and it did so while considering only those PAGA penalties arising out of its alleged wage theft from Alvarez.  (See Opp'n at 9, 14 & n.1.)

Alternately, Alvarez offers to accept a prospective judgment, including attorney fees, of $75,000 or less.  (See Reply at 6–7.)  In a dispute over whether one person's claim satisfies the amount in controversy, such a stipulation, if the Court accepted it, would tilt the balance overwhelmingly in favor of remand.  Patel, 2014 WL 3611096, at *3–*4; see Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350 (2013) ("[F]ederal courts permit individual plaintiffs . . . to obtain a remand to state court . . . by stipulating to amounts at issue that fall below the federal jurisdictional requirement.").

---

[2] In its Supplemental Opposition to Alvarez's Motion to Remand, AutoZone argues that in opposing its Motion to Compel Arbitration, Alvarez characterizes his claims in a different manner than the title and prefatory language of his Complaint suggest, i.e., as individual civil claims for wage-and-hour violations, in addition to PAGA claims, thereby changing the amount in controversy (albeit to AutoZone's benefit).  (See Supp. Opp'n at 1.)  A complaint's title, headings, or surplusage are not the measure of the claims it contains; the facts pled in the complaint are.  See Fed. R. Civ. P. 8(d),(e).  For the purpose of calculating the amount in controversy, however, it does not matter which reading of the Complaint the Court adopts:  under either scenario, the amount in controversy exceeds $75,000.

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

      Binding precedent, however, prevents the Court from accepting Alvarez's stipulation; it was entered too late. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938) ("And though . . . the plaintiff after removal, by stipulation . . . reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); Hill v. Blind Indus. & Servs. of Md., 179 F.3d 754, 757 (9th Cir. 1999) ("[A] federal court is not divested of jurisdiction . . . if the amount in controversy suddenly drops below the minimum jurisdictional level."). In most cases in which a court has entertained a stipulation to cap the amount in controversy, that stipulation was entered before the removal of the case to federal court, a practice consistent with St. Paul Mercury Indemnity (whereas accepting a stipulation after removal is not). See, e.g., Standard Fire Ins. Co., 133 S. Ct. at 1347 (noting that the stipulation at issue was entered before removal); see also Walton v. Bayer Corp., 643 F.3d 994, 998 (7th Cir. 2011) ("A plaintiff can defeat removal . . . by irrevocably committing (before the case is removed) to accepting no more than $75,000 in damages . . . .").[3] Here, Alvarez's stipulation was not made before removal, but is offered only after removal to this Court, and indeed, made for the first time as an argument in Alvarez's Reply. But see Klein v. City of Laguna Beach, 983 F. Supp. 2d 1162, 1170 (C.D. Cal. 2013) (declining to consider an argument raised for the first time in a reply).

---

    [3] Patel, upon which Alvarez relies as authority for his stipulation, purports to cite cases supporting the proposition that a stipulation to limit damages after removal is a permissible basis for remand. The cited authority does not support that proposition. In Sherman v. Nationwide Mut. Ins. Co., No. CV-12-152-M-DLC-JCL, 2013 WL 550265, at *1–*2 (D. Mont. Jan. 15, 2013), the court was presented with conflicting evidence regarding the amount in controversy, and as a condition of remand, required the plaintiffs to swear they would not recover damages in excess of $75,000. In Cicero v. Target Corp., No. 2:13-CV-619 JCM (GWF), 2013 WL 3270559, at *2 (D. Nev. June 16, 2013), the court remanded the matter because the defendant failed to submit evidence supporting its position on the amount in controversy. Only after deciding to remand the case on that basis did the court hold that, based on her argument that her damages were capped at $74,999.99, plaintiff would be judicially estopped from arguing for greater damages in state court on remand. Id.

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

     Hence, AutoZone has carried its burden of demonstrating that this action is within the Court's subject-matter jurisdiction. The Court therefore turns to AutoZone's Motion to Compel Arbitration.

**B.    AutoZone's Motion to Compel Arbitration**
     To the extent Alvarez has pled any claims other than ones based on PAGA, they are subject to arbitration under the plain terms of the Dispute Resolution Agreement. The question here is whether Alvarez must arbitrate his PAGA claims, and if so, whether the Agreement's representative-action waiver requires him to proceed individually (i.e., not on behalf of other "aggrieved employees"). The Court concludes the Dispute Resolution Agreement's representative-action waiver cannot be applied to PAGA claims in any forum, judicial or arbitral, and as the Agreement is otherwise avowedly "silent" as to the requirement that representative claims be arbitrated, Alvarez need not arbitrate his PAGA claims.

     As a PAGA claim is a creature of California state law, the Court begins its discussion with authority on the subject from the California Supreme Court. See Weiner v. San Diego Cnty., 210 F.3d 1025, 1028–29 (9th Cir. 2000) ("The California Supreme Court is the ultimate interpreter of California state law."). The California Supreme Court has discussed PAGA several times, most recently in Iskanian v. CLS Transportation Los Angeles, LLC.

     Iskanian's employment as a driver for CLS Transportation was subject to an agreement that required the arbitration of any claims arising out of that employment, barred him from asserting any class or representative claims, and allowed him to submit "only . . . [his] own, individual claims in arbitration" – "not seek to represent the interests of any other person." Iskanian, 59 Cal. 4th at 361. As part of a broader class action, Iskanian brought a PAGA claim against CLS on behalf of himself and other aggrieved employees. Id. By relying on Gentry v. Superior Court, 42 Cal. 4th 443 (2007), which established a rule of California law barring "class action waivers in employment arbitration agreements . . . under certain circumstances," Iskanian avoided being ordered to arbitrate any of his claims individually, at least for a time. Iskanian, 59 Cal. 4th at 361.

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

    In 2011, while Iskanian's case was pending, the United States Supreme Court held that because it interfered with the orderly process of arbitration prescribed by the FAA, a California rule that "restricted consumer class action waivers in arbitration agreements" was preempted by federal law. Iskanian, 59 Cal. 4th at 361; see Concepcion, 131 S. Ct. at 1753. With the continued viability of the similar Gentry rule therefore in question, the lower California courts reversed direction, sending Iskanian to arbitration on an individual, rather than a class, basis. Iskanian, 59 Cal. 4th at 361. Over his protest, that included requiring Iskanian to arbitrate his PAGA claims on an individual basis. Id.

    The California Supreme Court granted review and reversed the court of appeal's holding that Iskanian could be forced to arbitrate a PAGA claim on an individual basis. Id. at 391–92. It held instead that one may not waive, in advance, the right to bring a representative PAGA action in any forum. Id. To arrive at that conclusion, the court had to resolve two questions. First, it had to decide whether California state law allows the waiver of a representative PAGA claim in any forum. Id. at 378. (If the rule applied only to arbitration, it would certainly run afoul of the FAA, Concepcion, 131 S. Ct. at 1747.) If California law prohibited such a waiver, the court would then have to determine whether the FAA preempted California law, Iskanian, 59 Cal. 4th at 378 – that is, whether federal law would force the state to allow waivers for the sake of facilitating the FAA's orderly arbitration of disputes, Concepcion, 131 S. Ct. at 1753.

    The court first determined that California law prohibits the waiver of PAGA claims, because allowing such waivers would "disable one of the primary mechanisms for enforcing the Labor Code." Iskanian, 59 Cal. 4th at 383. The court recognized, "[o]f course," that "employees are free to choose whether or not to bring PAGA actions when they are aware of labor code violations," but found it "contrary to public policy for an employment agreement to eliminate this choice altogether . . . before any dispute arises." Id. CLS attempted to save its waiver by arguing that it prohibited only representative PAGA claims, "not individual claims for Labor Code violations that an employee suffered," and which that employee could still pursue in service of California's public policy. Id. In response, the court observed that it is an open question whether there is even such a thing as an individual PAGA claim; PAGA can be read to require the representative employee to litigate on behalf of all

**EDCV 14-02471-VAP (SPx)**
**JESSE ALVAREZ v. AUTOZONE, INC.**
**MINUTE ORDER of April 13, 2015**

other aggrieved employees. Id. at 383–84; see Cal. Labor Code § 2699(a). (Sensibly so, as the purpose of the law is to recoup a penalty proportional to an employer's misconduct, not to provide compensation for each wronged employee, see Iskanian, 59 Cal. 4th at 381.) In any event, the court concluded, "whether or not an individual claim is permissible under . . . PAGA, a prohibition of representative claims frustrates . . . PAGA's objectives." Id. at 384.

  Having held that California law prohibits a person from waiving his right to bring a representative PAGA action, the court turned next to the question whether that rule, inasmuch as it could be held to interfere with arbitration, would fall in the face of the FAA's policy strongly favoring arbitration. The court concluded that California law is not so preempted. Id. The FAA, the court observed, applies to disputes between private parties to the arbitration agreement; it does not apply to claims by parties foreign to the contract, who ipso facto could not have agreed to arbitrate any dispute. Id. at 384–85; see also Goldman, Sachs & Co. v. City of Reno, 747 F.3d 733, 741–42 (9th Cir. 2014). With that in mind, the court noted that a PAGA claim does not belong to the person who brings it; it is a qui tam claim "owned" by the state, Iskanian, 59 Cal. 4th at 382, a party foreign to the arbitration agreement between the aggrieved employee and his employer, id. at 386–87. See also Vt. Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 772–74 (2000) (reasoning that the claim in a qui tam suit on the federal government's behalf is the federal government's claim, assigned to the relator); U.S. ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008) ("[I]n a qui tam suit . . . the injury, and therefore, the right to bring the claim belongs to the United States."); cf. U.S. ex rel. Lusby v. Rolls-Royce Corp., 570 F.3d 849, 852 (7th Cir. 2009) (holding that a personal employment suit has no preclusive effect on a qui tam action arising from the same facts, as the real party in interest in a qui tam action is the government, not the individual employee).[4]

---

[4] As PAGA claims belong to the state, rather than to an individual plaintiff, a complaint pleading solely PAGA claims would likely fall outside the Court's diversity jurisdiction; after all, a state is not a citizen of itself. See 28 U.S.C. § 1332(a) (requiring the parties to be citizens of different states for diversity purposes); Urbino,

(continued...)

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

      Consequently, the court found, "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship." Iskanian, 59 Cal. 4th at 386. Of course, that observation does not speak to the point that an employee could, theoretically, contract not to pursue claims on the state's behalf, but that decision would be against California public policy. Id. at 383, 387. Hence, the question is whether that policy interferes with the FAA's goal of promoting the resolution of disputes by arbitration. The court held that it does not, noting that nothing in the canon of FAA jurisprudence suggests the FAA was "intended to limit the ability of states to enhance their public enforcement capabilities by enlisting willing employees in qui tam actions." Id. at 387. Finding the representative-action waiver unenforceable, the court thus ordered CLS to "answer the representative PAGA claim in some forum" – either arbitral or judicial. Id. at 319.

      Were Iskanian the final word in the matter, the Court's work would be done: the Dispute Resolution Agreement's representative-action waiver would be unenforceable, either in court or in arbitration. Although Iskanian is authoritative in its ruling that California law bars the waiver of a representative PAGA claim, the federal courts have the last word on whether the FAA subsequently preempts such a rule. See Matter of Holiday Airlines Corp., 647 F.2d 977, 980 (9th Cir. 1981) ("[W]e are not bound by state court decisions on the preemptive effect of federal law."); see

---

(...continued)
726 F.3d at 1122–23 ("To the extent Plaintiff can – and does – assert anything but his individual interest . . . we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction.").

      Here, however, Alvarez contends his Complaint also states claims for personal damages, not just PAGA penalties, arising from AutoZone's alleged wage-and-hour violations. AutoZone has shown, undisputedly, that those individual violations alone place in controversy an amount in excess of $75,000. Accordingly, the Court need not decide – to the extent Urbino has not decided it already – whether a PAGA-only action is always outside the federal courts' diversity jurisdiction.

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

also William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cnty., 695 F.3d 960, 963 (9th Cir. 2012) ("The California court's resolution of a federal constitutional question is persuasive but is not binding on us.").[5] On the issue of preemption, AutoZone observes that the federal courts have, by and large, not been persuaded by Iskanian, and the Supreme Court has favored the enforcement of arbitration clauses overwhelmingly. See, e.g., Italian Colors, 133 S. Ct. at 2309–12 (upholding a class arbitration waiver in a federal antitrust suit); Marmet Health Care Ctr., Inc. v. Brown, 132 S. Ct. 1201, 1203–04 (2012) (finding preempted a West Virginia bar on the arbitration of personal injury claims against nursing homes); CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 673 (2012) (requiring the arbitration of claims under the federal Credit Repair Organizations Act, and reversing the Ninth Cicuit); Concepcion, 131 S. Ct. at 1753 (finding preempted California's ban on class action waivers in consumer contracts); 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 274 (2009) (holding "that a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate [Age Discrimination in Employment Act] claims is enforceable as a matter of law").

The federal courts' reluctance to apply Iskanian is driven primarily by an expansive reading of Concepcion. Concepcion holds generally that a state-law rule that "interferes with the fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA" is preempted. Concepcion, 131 S. Ct. 1740. The California rule at issue in Concepcion barred class action waivers in certain consumer contracts; under it, a defendant would be required to face class arbitration, despite having entered an agreement to protect itself from precisely that. The Court identified three reasons specifically that California's policy of disallowing class action waivers interfered with the FAA's policy of ensuring the enforcement of arbitration agreements. "First, the switch from bilateral to class arbitration sacrifices the principal advantage of arbitration – its informality – and makes the process slower, more costly, and more likely to generate procedural morass than final judgment." Concepcion, 131 S. Ct. at 1751. "Second, class arbitration requires formality," because without, e.g., notice to absent class members, an opportunity for

---

[5] The United States Supreme Court declined to review Iskanian's holding as to FAA preemption. CLS Transp. L.A., LLC v. Iskanian, 135 S. Ct. 1155 (2015).

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 12

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

those members to be heard, and a right for people to opt out of the class, absent class members would not be bound to a judgment. Id. Third, "class arbitration greatly increases risks to defendants," as they face the possibility of large judgments without sufficient appellate review. Id. at 1752.

     Several courts have found that the Iskanian rule, to the extent it would force the arbitration of representative claims, causes precisely the kind of interference that Concepcion proscribes. For example, a sister court found that requiring the arbitration of representative PAGA claims "would, like class claims, make for a slower, more costly process." Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1142 (C.D. Cal. 2011). Additionally, the arbitration of representative PAGA claims would increase the risk to defendants of a massive judgment with little appellate recourse. Id. Respectfully, this Court disagrees with the rationale in Quevedo and those rulings that follow it.

     Instead, like the court in Hernandez v. DMSI Staffing, LLC, --- F. Supp. 3d ----, 2015 WL 458083, at *6–*8 (N.D. Cal. Feb. 3, 2015), this Court is not persuaded that a representative PAGA claim carries with it the traits the Supreme Court disdained in Concepcion. This is especially true of the first two criteria the Concepcion Court discussed, since PAGA dispenses with many of the onerous requirements of a traditional class action. As the district court noted in Hernandez, PAGA contains no requirement that absent aggrieved employees be notified, does not prevent them from later collecting individual damages for personal wage-and-hour claims (it bars them only from vindicating the same PAGA claim, which is the state's, anyway), and does not even allow them to opt out of the action. See Hernandez, 2015 WL 458083, at *6; see also Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1122–24 (9th Cir. 2014) (distinguishing a PAGA action from a class action, and concluding that "[a] PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief"); Arias v. Super Ct., 46 Cal. 4th 969, 980–87 (2009) (distinguishing a PAGA action from a class action). Consequently, the Court concludes that the FAA does not preempt Iskanian's bar on waivers of representative PAGA actions.

     Alvarez therefore retains the right to have his representative PAGA claim heard in some forum. Iskanian, 59 Cal. 4th at 391. As the Court reads it, the

EDCV 14-02471-VAP (SPx)
JESSE ALVAREZ v. AUTOZONE, INC.
MINUTE ORDER of April 13, 2015

Dispute Resolution Agreement seems to suggest that if the representative-action waiver is unenforceable, then the Agreement has nothing to say about whether a representative claim must be arbitrated. Alvarez could therefore agree to the arbitration of his representative PAGA claims – since he must arbitrate his individual wage-and-hour claims, anyway – or he could decline, and after arbitrating his other claims, proceed with his PAGA claims in this Court.

## IV. CONCLUSION

Alvarez does not dispute AutoZone's evidence that this action meets 28 U.S.C. § 1332(a)'s requirements for diversity jurisdiction, and his offer to stipulate to reduced damages comes too late to deprive the Court of subject-matter jurisdiction. Accordingly, the Court DENIES his Motion to Remand. As Alvarez's individual wage-and-hour claims are indisputably within the scope of his Dispute Resolution Agreement, the Court GRANTS AutoZone's Motion to Compel Arbitration IN PART, as to those claims. As to Alvarez's PAGA claims, however, the Court is persuaded by the California Supreme Court's ruling in <u>Iskanian</u> and the Northern District of California's ruling in <u>Hernandez</u>: the Agreement's representative-action waiver is unenforceable. Consequently, the Court DENIES AutoZone's Motion as to Alvarez's PAGA claims.

**IT IS SO ORDERED.**