UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2471 FMO (SPx) | Date | **May 3, 2022** |
|---|---|---|---|
| Title | **Jesse Alvarez v. AutoZone, Inc.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:              Attorney Present for Defendants:

None Present                                             None Present

**Proceedings:**     (In Chambers) Order Re: Motion to Remand

Plaintiff Jesse Alvarez ("plaintiff"), on behalf of himself and all other similarly aggrieved employees, filed a state court action against defendant AutoZone, Inc. ("defendant"), asserting wage-and-hour claims in both an individual capacity and a representative capacity pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1, 3); (Dkt. 1-1, Complaint). Defendant then removed the case to this court, solely on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 & 1441. (See Dkt. 1, NOR at ¶¶ 10-11).

The court denied plaintiff's initial motion to remand, concluding that defendant had met its burden of showing that the amount in controversy exceeded $75,000 based on plaintiff's individual claims. (See Dkt. 30, Court's Order of April 13, 2015, at 5-8 & 10-11 n. 4). The court also granted in part defendant's motion to compel arbitration and directed the parties to arbitrate plaintiff's individual claims. (See id. at 8, 14). The parties subsequently settled plaintiff's individual claims in arbitration, (see Dkt. 37, Joint Stipulation to Lift Stay at ¶ 5), and plaintiff filed the operative First Amended Complaint ("FAC") asserting only PAGA claims. (See Dkt. 147, FAC).

On January 25, 2022, plaintiff filed the instant Motion to Remand. (Dkt. 207, "Motion"). Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2471 FMO (SPx) | Date | **May 3, 2022** |
|---|---|---|---|
| Title | **Jesse Alvarez v. AutoZone, Inc.** | | |

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Moreover, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[2]

**DISCUSSION**

Plaintiff contends that the court lacks subject matter jurisdiction because complete diversity does not exist where, as here, the State of California is the real party in interest, because the remaining PAGA claims belong solely to the State. (See Dkt. 207, Motion at 1). Defendant responds that plaintiff misapplies Ninth Circuit cases that discuss PAGA claims in the context of diversity jurisdiction. (See Dkt. 209, Opposition to [] Motion to Remand [] ("Opp.") at 2, 9-11).

In Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118 (9th Cir. 2013) the Ninth Circuit held that the potential penalties for aggrieved employees covered by a plaintiff's PAGA claim could not be aggregated to meet the amount-in-controversy requirement for diversity jurisdiction. Id. at

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2471 FMO (SPx) | Date | **May 3, 2022** |
|---|---|---|---|
| Title | **Jesse Alvarez v. AutoZone, Inc.** | | |

1122 ("[D]iversity jurisdiction does not lie because their claims cannot be aggregated."). In doing so, the Urbino court explained that "[t]he state, as the real party in interest, is not a 'citizen' for diversity purposes." Id. at 1123; see also Iskanian v. CLS Transportation Los Angeles, LLC, 59 Cal.4th 348, 382 (2014) ("The government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit."); Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1123 (9th Cir. 2014) (the private attorney general in a PAGA action "is the nominal plaintiff").

Following Urbino, several courts concluded that the case applied only to determining "whether the state's claims counted toward the minimum amount in controversy threshold[,]" not to determining whether there was complete diversity. See, e.g., Prestwood v. Marriott Ownership Resorts, Inc., 2019 WL 2522674, *2 (C.D. Cal. 2019); (see also Dkt. 209, Opp. at 2, 9-11). Courts adopting that view "considered the named plaintiff's citizenship, and not the state's, to be determinative of diversity jurisdiction in PAGA cases." Prestwood, 2019 WL 2522674, at *2. Other courts reached the opposition conclusion, see, e.g., Winters v. Aimco/Bethesda Holdings Inc., 2018 WL 6567113, *3 (S.D. Cal. 2018) (citing Urbino and concluding that defendants failed to establish complete diversity of citizenship in PAGA case), or declined to reach the issue of complete diversity after having found that defendant failed to satisfy the amount in controversy requirement. See, e.g., Garcia v. Commonwealth Fin. Network, 2020 WL 6886267, *9 (S.D. Cal. 2020) (declining to "resolve whether the parties are completely diverse" in a PAGA case because defendant failed to establish the amount in controversy under Urbino).

In a more recent case, the Ninth Circuit explained that it had been "unpersuaded" in Urbino "that the PAGA action could satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen." Canela v. Costco Wholesale Corp., 971 F.3d 845, 849 n. 1 (9th Cir. 2020) (emphasis added); see also Moor v. County of Alameda, 411 U.S. 693, 717, 93 S.Ct. 1785, 1800 (1973) ("There is no question that a State is not a `citizen' for purposes of the diversity jurisdiction."); 13E Wright & Miller, Federal Practice & Procedure § 3602, at 50 (Thomson/West 2009) ("It is well settled by decisions of courts at all levels of the federal judiciary . . . , that a state or an individual or an entity acting for the state so as to be considered an arm of the state is not a citizen for purposes of Section 1332[.]").  In light of Canela, the court is unpersuaded by defendant's contentions that a plaintiff who asserts only PAGA claims can satisfy the complete diversity requirement set forth in 28 U.S.C. § 1332(a).

Defendant also contends that there have been "no changed circumstances" since the court denied plaintiff's initial motion to remand. (See Dkt. 209, Opp. at 1). Since that time, however, the parties settled plaintiff's individual claims in arbitration, (see Dkt. 37, Joint Stipulation to Lift Stay at ¶ 5), and plaintiff filed the FAC asserting only PAGA claims. (See Dkt. 147, FAC). And contrary to defendant's repeated assertions that the court already rejected plaintiff's argument that PAGA-only claims cannot satisfy complete diversity, (see Dkt. 209, Opp. at 1, 3, 5, 7), the court's order denying plaintiff's initial motion to remand made it clear that this argument had merit: "As PAGA claims belong to the state, rather than to an individual plaintiff, a complaint pleading solely PAGA claims would likely fall outside the Court's diversity jurisdiction; after all, a state is not a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2471 FMO (SPx) | Date | **May 3, 2022** |
|---|---|---|---|
| Title | Jesse Alvarez v. AutoZone, Inc. | | |

citizen of itself."[3]  (Dkt. 30, Court's Order of April 13, 2015, at 10 n.4) (citing Urbino, 726 F.3d at 1122-23).  The situation anticipated in the court's earlier order now exists, i.e., the operative FAC pleads only PAGA claims.

Defendant also asserts that because diversity jurisdiction existed at the time of removal, the court cannot remand the case if subsequent changes in the case destroy complete diversity.  (See Dkt. 209, Opp. at 5).  Indeed, it is a "core principle of federal removal jurisdiction on the basis of diversity . . . that it is determined (and must exist) as of the time the complaint is filed and removal is effected."  Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).  But this principle may not apply when subsequent events destroy subject matter jurisdiction.  See Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 939 (9th Cir. 2010) ("If removal is proper at the time the notice is filed, 'subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand.'") (quoting Spencer v. U.S. Dist. Ct. for N. Dist. of Ca., 393 F.3d 867, 871 (9th Cir. 2004)) (emphasis added).  Defendant's argument also overlooks that there are exceptions to the general rule that diversity is determined by the citizenship of parties at the time of removal.  See, e.g., 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").[4]  Here, the resolution of plaintiff's individual claims in arbitration, and an operative complaint that asserts only PAGA claims on behalf of the State, destroy complete diversity because California, not plaintiff, is the real party in interest with respect to the claims remaining in the action.  See Urbino, 726 F.3d at 1122; Canela, 971 F.3d at 849 n. 1.

Finally, defendant chides plaintiff for belatedly moving to remand on the basis that complete diversity no longer exists.  (See Dkt. 209, Opp. at 5, 15-16).  Regardless of plaintiff's timing, however, 28 U.S.C. § 1447(c) imposes no time limit on a motion to remand for lack of subject

---

[3] Because the court concluded that plaintiff's individual claims satisfied diversity jurisdiction, the court explained that it "need not decide – to the extent Urbino has not decided it already – whether a PAGA-only action is always outside the federal courts' diversity jurisdiction."  (Dkt. 30, Court's Order of April 13, 2015, at 10-11, n. 4).

[4] In cases removed from state court pursuant to federal question jurisdiction, the district court may decline to retain jurisdiction over the state-law claims after final disposition of the federal claims.  See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."); Jablonski v. Claremont Graduate Univ., 2021 WL 424419, *1 (C.D. Cal. 2021) ("Although remand is not required once federal claims that were the basis for a district court's original jurisdiction have been dropped from a lawsuit, the district court has discretion to remand if it 'will best accommodate the values of economy, convenience, fairness, and comity.'") (quoting Harrell, 934 F.2d at 205).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2471 FMO (SPx) | Date | **May 3, 2022** |
|---|---|---|---|
| Title | **Jesse Alvarez v. AutoZone, Inc.** | | |

matter jurisdiction.[5]  See id. ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden.  Thus, there is no basis for diversity jurisdiction.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion **(Document No. 207)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

4. Any pending motion is denied as moot.

Initials of Preparer  gga

---

[5] The court is unpersuaded by defendant's contentions that the timing of plaintiff's Motion warrants sanctions.  (See Dkt. 209, Opp. at 15-16); (Dkt. 210, Reply in Support of Motion to Remand at 8-9).